JESSE HARRIS v. STEPHEN ARNOLD.

An administrator, duly licensed by law to sell real estate belonging to the intestate, conveyed by deed a certain farm. One of the children of the intestate conveyed to his son all his right and title in the premises, being one fifth part, and subsequently the said fifth part was duly attached and sold on execution by the sheriff, by a deed duly executed. The deed given by the administrator was not recorded until a considerable time had elapsed from the time of the record of the deed so made and executed by the sheriff. It was *held*, that by the registry act of Rhode Island, the deed given by the administrator, at the time the purchaser's right accrued under the sheriff's deed, was void; although so long as the purchaser from the administrator, or those claiming under him, claim against the heirs of the intestate, the deed, though unrecorded, would, by the terms of the act, be valid and binding. Except between same parties and their heirs, a deed not recorded, and without notice, is void both by the words and the intent of the act, however the title accrued.

An open and continued possession of land, by a person having an unrecorded deed, and claiming the land as his own, is not presumptive notice of the existence of such a deed, to a subsequent purchaser. If a deed could be presumed from possession, it would not be necessary to record it. Possession, though evidence of some title, is not necessarily evidence of *any particular* title, but should put the party on inquiry; and the intent of the registry act is to protect purchasers from secret or concealed conveyances, by requiring every deed to be recorded, on the peril of the forfeiture of the estate.

The record of the will of a person who has had possession of land under an unrecorded deed, is not a sufficient record of title as against a subsequent purchaser; and the most that can be made of such a record is, that it should operate as notice of an unrecorded deed. Assuming that the administrator's deed was valid without being recorded, and that the

11*

title was perfect in the purchaser under it, it would doubtless follow that the last link in the title, viz. the devise, is sufficiently recorded.

THIS was an action of trespass and ejectment, the facts in which are minutely given in the opinion of the court, on a motion for a new trial, which was delivered as follows, by

BRAYTON, J. — This was an action of trespass and ejectment, brought by the plaintiff, to recover of the defendant possession of one undivided fifth part of a certain parcel of land situate in Burrilville, described in the plaintiff's declaration by metes and bounds, and also as "being a portion of the Sylvanus Cook farm, so called."

The action was commenced on the 14th day of November, 1843.

On the trial of the action, the plaintiff deduced his title from one Sylvanus Cook, who in the year 1830 died intestate, seized of the premises, and leaving five children, of whom Stephen Cook was one, and offered to the jury a deed duly executed and recorded from said Stephen Cook to his son George Cook, dated June 24th, 1831, conveying to the said George all his, the said Stephen's, right, title, and interest in the . premises. The plaintiff also offered in evidence a deed duly executed and recorded, from Mark Aldrich, a deputy sheriff, conveying to him all the right, title, and interest which the said George Cook had in the premises on the 5th day of May, 1836, the time of the attachment thereof on the original writ. This deed was made on the 18th day of December, 1837, under the execution which issued on said suit, and which was levied on the premises on the — day of September, 1837. There was no question made as to the regularity of the sale, or the due execution of the deed.

The defendant also claimed title under the same Sylvanus Cook, through a deed from said Sylvanus Cook's administra-

tor to John Arnold, the defendant's father, and under the last will and testament of his said father. The will was executed on the 27th day of March, 1837. The testator died on the 19th day of September, 1837 ; and the will was duly proved on the 28th day of October, 1837, and recorded in probate records of the town of Burrilville. The devise to the defendant was of " all the Sylvanus Cook farm that I own." No objection was made to the validity of the will, and it was admitted, that the defendant took under it all the title which John Arnold had in the premises.

It was also proved, that the estate of Sylvanus Cook was insolvent ; that the administrator was duly licensed to sell his real estate for the payment of his debts, and did, under said license, sell the premises at public auction on the 27th day of May, 1831, to the said John Arnold, and on the same day executed and delivered to him a deed of the premises. No objection was made to the regularity of the sale or to its validity. This deed, however, remained unrecorded until the 19th day of November, 1841, when it was lodged for record in the town-clerk's office.

Having proved these facts, the defendant offered to read this deed in evidence to the jury. The plaintiff objected to its passing to the jury, because, being unrecorded, it was void.

It was ruled, that the deed being, at the time the plaintiff's title accrued, unrecorded, was as against him for anything which yet appeared void, and could not pass to the jury as evidence, until *prima facie* evidence at least should be offered by the defendant, that the plaintiff, at the time he took his deed, had notice of this. Such evidence was offered to the court, and the deed was permitted to pass to the jury.

It was also ruled, that this preliminary *prima facie* evidence to the court of a fact necessary to the admissibility of

the deed did not relieve the defendant from proving to the jury the fact of notice. The same evidence was then submitted to the jury with such other evidence of notice as the defendant chose to submit.

The defendant, to show that the plaintiff had notice of the deed to John Arnold, put in testimony going to show that the said John Arnold, prior to the sale by the administrator, openly occupied and improved the premises, and continued so to occupy and improve down to the time of his death, in September, 1837, and from that time the defendant occupied and improved the same to the time of suit brought, and that they occupied the premises as their own.

The plaintiff, in reply to this testimony and to rebut any inference of knowledge on his part of the prior deed, offered in evidence the decree of the court of probate of said town of Burrilville, passed on the 29th day of January, 1831, by which the premises were assigned as dower to Martha Cook, the widow of said Sylvanus. This was permitted to pass to the jury against the objection of the defendant, who claimed that the plaintiff should first be required to prove that the said John Arnold went into possession as tenant of Martha Cook.

The plaintiff also put in evidence to show that at the time the dower was set off, and at the time of the sale by the administrator, the said Martha resided with the said John Arnold, and so continued to reside with him to the time of his death; and that the said John Arnold had during the time the general management and control of all her affairs, as her agent. It also appeared that the said Martha died a short time and within a few months prior to the commencement of this action; and that her daughter was the wife of the said John Arnold.

Upon this evidence the jury were instructed that the plain-

Harris v. Arnold.

tiff must recover, if at all, upon the strength of his own title, and not through the weakness of the defendant; that upon the evidence offered by the plaintiff he would be entitled to recover, unless the administrator's deed, under which the defendant claimed, was sufficient to defeat it; that the deed was duly executed, but at the time of the plaintiff's purchase was unrecorded; that an unrecorded deed, though valid between the parties thereto and their heirs, between all other parties is void.

That the plaintiff's title must prevail, unless it be proved, to their satisfaction, that the plaintiff, at the time he purchased, had knowledge of the prior deed to John Arnold; that that knowledge must be such that it would be a fraud in him to purchase, such knowledge as might give him reason to suppose he might be defeating another title.

That there must be positive proof of such knowledge, or such circumstances from which it might be fairly inferred, a slight presumption not being sufficient.

That a person in possession of land is presumed to have some title. Possession is sufficient to put a party upon inquiry and send him to the land records to examine.

That they must consider the other evidence in the cause upon this point, and how far the other facts in the cause gave knowledge of the defendant's title.

That if, upon all the evidence, they were satisfied that the plaintiff had this knowledge, they must find for the defendant; if they were not satisfied that he had, they must find for the plaintiff.

The chief justice declined to charge the jury, that the recording of the will of John Arnold under the facts of the case was a sufficient recording of the defendant's title; and also declined to charge them that the sale by the administrator divested Stephen Cook of all his title by descent, and that

therefore George Cook, at the time of the attachment, had no interest in the land which could pass to the plaintiff.

The defendant's counsel requested also, that the jury might be directed that John Arnold and the defendant must be presumed to have been in possession of the land under the deed of the administrator and the will, and that any person in possession of land, claiming the same as his own, with an unrecorded deed thereof, stands in the same position as he would if his deed had been recorded as soon as executed.

This direction the chief justice declined to give, but stated to the jury, that if a person enter into possession of land under any particular title, he is presumed to continue in possession under that title until the contrary appears; and that in other respects the request goes too far, for if a deed may be presumed from possession, it would not be necessary to record it; that possession is evidence of some title, but is not necessarily evidence of any particular title, but should put the party on inquiry.

The chief justice was also requested to direct the jury, whether the plaintiff and John Arnold were prior and subsequent purchasers from the same grantor; and if they were not, the not recording the deed to John Arnold until after the deed to the plaintiff, did not affect John Arnold's title, but that he took and held by it all the title which Sylvanus Cook had at the time of his death, the registry act, on not recording a deed, applying only to purchasers from the same grantor.

This direction also the chief justice declined to give, but remarked, that the statute says nothing about prior and subsequent purchasers, and that except between the same parties and their heirs, a deed not recorded, and without notice, is void, however the title accrued.

The defendant now moves for a new trial in this court.

Harris *v.* Arnold.

First, because " the court refused to allow the deed to John Arnold to pass to the jury until the defendant had offered to the court some competent evidence to prove that the plaintiff had, at the time he took his deed, notice of the defendant's title ;" and, secondly, because the court permitted the same evidence to pass to the jury and the witnesses to be cross-examined before them.

It is not pretended but that all the evidence in the defendant's power to produce upon the subject of the notice did pass to the jury, and was by them considered. If, then, the court were correct in ruling, that the deed without such notice was void, the defendant could have lost nothing, since he has had all the advantage from his evidence, which, under any other circumstances, he could have had ; and if his cause has been in no way prejudiced, it would be going a great way to say that he should have a new trial.

But the defendant contends, that the deed to John Arnold should have been permitted to pass to the jury in the first instance without proof of notice that the deed was valid without recording and without notice ; in fact, that the registry laws do not apply to this deed, because the deed set up by the plaintiff, and this deed, are not deeds from the same grantor *immediately,* and that unless they are, the registry laws do not apply.

The first section of our statute declares that no estate, &c. shall be conveyed by deed unless the deed shall be recorded, or lodged to be recorded, in the town-clerk's office.

By the second section it is declared, that every deed shall be void unless recorded as above said ; " Provided always, that the same between the parties or their heirs shall nevertheless be valid and binding." Digest, p. 257.

Now, by the terms of the act, the deed offered by the defendant was, at the time the plaintiff's title accrued, void as

to all persons except the heirs of Sylvanus Cook. So long as John Arnold, or those claiming under him, claim against those heirs, the deed, though unrecorded, would, by the terms of the act, be valid and binding. This is not, however, the defendant's case. The plaintiff is not an heir of Sylvanus Cook, nor does he claim by inheritance, but as a purchaser.

The defendant being within the *words* of the act, is he not also within the *reason?*

The intent of the registry laws is to provide an effectual remedy from the mischiefs arising to purchasers from the subsequent discovery of secret or concealed conveyances unknown to the purchaser; such, no doubt, was the design of the statutes in this country upon this subject, (Sugden, 214; 2 Binney, 497); and the remedy was to be made effectual by requiring every deed to be recorded, on the pain of forfeiture of the estate.

Who, then, are intended to be protected against such secret and concealed conveyances? Clearly all those who are liable to suffer by the concealment of them. This liability is not confined to the immediate purchaser from the same grantor, but may extend to an indefinite number of successive purchasers. Suppose, in this case, that the defendant's deed had been from Sylvanus Cook in his lifetime, and that he had again conveyed to George Cook, and then successive conveyances to B, C, D, E, and finally to the plaintiff, can it be said that George Cook alone was liable to be deceived and injured by the unrecorded deed, and not the subsequent grantees under him? They all trace back their title to Sylvanus Cook. They would all be defeated, and that equally, by the deed to John Arnold; and the last purchaser has no more means of knowledge than had George Cook. Indeed, he is more likely to be deceived and is less likely to inquire, from the fact that every successive conveyance had added

one more to. the number of those who have put confidence in the title. He would, therefore, to say the least, be entitled to as much protection. They must therefore all necessarily be protected, and may all equally take advantage of the same unrecorded deed, from the same grantor under whom they claim.

And against what are they protected ? Clearly against the prior deed immediately from the same grantor under whom they claim, and not any subsequent deed. If this be unrecorded, the title, so' far as the registry shows, is perfeet in the grantor. Those who would search for his title find nothing inconsistent with his right still to convey. If it be recorded, no person can possibly be deceived by any subsequent conveyance.

The registry then shows all that is necessary for the information of those who search, viz. that the title is divested out of the grantor, and they can have no interest in inquiring what may have become of it since. Had the deed to John Arnold been recorded, no one of all those who might become purchasers under Sylvanus Cook, could have been deceived or injured ; and the recording, or omitting to record, any deed from him could not affect any one of them for good or ill.

The authorities cited by the defendant, entirely fail to sustain his position. 11 Pick. 216. The objection made to the deed for want of recording was overruled, not because the party objecting did not claim immediately from the same grantor, but because he did not claim under him at all. 14 Pick. 230. The grantee from one having no title, entered into possession under his deed. It was claimed that such entry was a disseizin of the true owner, and the question was whether the registry of that deed was notice to him, and the court said that the registry was notice to those only who claimed under the same grantor. 2 Binney, 497. The subsequent purchase was under a title totally unconnected with the first deed, and the court say that the party objecting claimed in no manner from the same grantor. · In *Keller et*

*al.* v. *Nutz et al.* (5 Serg. & Rawle, 246,) the question was whether the deed of a stranger to the estate, (a stranger as far as the registry showed,) reciting the unrecorded deed, was notice of the unrecorded deed, and it was ruled that it was not, and that to be notice it must be a deed under the same grantor. In no case, then, can the unrecorded deed prevail against a subsequent purchaser claiming under the same grantor, unless it appear that the purchaser had notice otherwise of the deed.

The defendant also claims that the deed of the administrator to John Arnold divested Stephen Cook of all his interest in the premises by descent, and therefore that George Cook, his grantor, had no interest in the premises at the time of the attachment, and asks for a new trial because the court declined so to direct the jury.

It will be at once seen that the question, whether or not the interest of Stephen Cook was so divested, depends entirely upon the question already considered. Had the deed to John Arnold been recorded, it would have been valid and binding against all persons, and would have divested the estate of every heir; but since as to purchasers under the same grantor it is to be deemed void, it can operate to divest nothing, and the purchaser holds as if no deed had ever been executed by the administrator.

The defendant's eighth reason for a new trial involves the same question. He claims that the court should have directed the jury, " that unless the plaintiff and John Arnold were purchasers from the same grantor, the not recording of said deed to John Arnold until after said deed to the plaintiff, did not affect John Arnold's title thereto, but that he took and held by it all the title Sylvanus Cook had at the time of his decease, the registry act applying only to purchasers from the same grantor." It was sufficient that the plaintiff was a purchaser under the same grantor who executed the unrecorded deed.

Another question raised in this cause is, whether the recording of the will of John Arnold in the probate records, the town-clerk being by law clerk of probate, is a sufficient recording of the defendant's title; and a new trial is asked because the court refused to charge the jury, "that it was a sufficient recording of the defendant's title, and that the legal title to said estate was in said defendant."

The most that could be claimed for this record must be, that it should operate as notice of the unrecorded deed. Without controverting the position that the probate and recording of a will containing a devise of land is equivalent to the registry of a deed of the same from the devisor, it may still be asked how it is a recording of the defendant's title? If we assume that the administrator's deed was valid without recording, and that the title was perfect in John Arnold, it would doubtless follow that the last link in the defendant's title, viz. the devise, is sufficiently recorded.

But, for anything that appears upon the records, John Arnold, at the time the plaintiff's title accrued and at the time of execution and of the probate and recording of the will, was a stranger to the estate, not claiming under the same grantor with the plaintiff. Now the deed even of a stranger can, though recorded, and although it describe the estate, and even recite the unrecorded deed, is not allowed to operate as notice of such unrecorded deed. 5 Serg. & Rawle, 246 ; 14 Pick. 230. The recording of such deed cannot be supposed to give, nor does it in fact give any notice of the true title. No one, in tracing the title of Sylvanus Cook, would direct his inquiries to the conveyances of John Arnold more than to those of any other individual in the community ; and if he is bound to extend his inquiries to one other, then, for the same reason, he must to all others. How then can it be said with any show of reason, that the defendant's title is sufficiently recorded? The very first link is not recorded ; that alone which the registry law requires, and with-

out recording which, all the mischiefs designed to be guarded against would be let in.

Though no exception is made by the terms of the statute, still it is conceded by all the authorities, that if the subsequent purchaser has, at the time he takes his deed, notice of the prior unrecorded deed, he cannot take advantage of the failure to record, provided all those through whom he claims had notice. Granting then, in this case, that George Cook and the attaching creditor had notice, it will still be necessary for the defendant to show that the plaintiff also had notice of the deed to John Arnold.

Now the defendant contends that the plaintiff had such notice ; not indeed that he had express notice that a deed was in fact made by the administrator to John Arnold. But the defendant contends, " that any person in possession of land, claiming the same as his own, with an unrecorded deed thereof, stands in the same position as he would if his said deed had been recorded as soon as executed ;" and claims a new trial, because the court declined so to direct the jury. He contends, in fact, that the possession of John Arnold, he having a deed, and the possession of the defendant, the will being recorded, are presumptive notice of the first deed, and not implied notice merely ; for he claims that the possession, having the deed, is equivalent to recording, which would be conclusive on the plaintiff.

Is such possession then presumptive notice ? The doctrine of presumptive notice must proceed upon the ground that it is the duty of the second purchaser to inquire for the title elsewhere than at the registry ; for no man would be presumed to have that knowledge which we might be able to prove that he had not, unless as a consequence of the neglect of some known duty ; and still less, where the further presumption is to be made of a fraudulent design.

It might be well asked, upon what ground the holder of an unrecorded deed can impute to one who has inquired for the

deed at the place where the holder is required by law to lodge it, a fraudulent design to injure him. Is it because he has omitted to inquire of the holder if he were neglecting a duty which the law had imposed upon him as the condition of his title, and to save him from the consequences of such neglect.

Did the statute intend the registry as a convenient mode merely of obtaining such information as individuals might choose to lodge there? or did it design to make it the duty of the grantor to lodge his deed there at his peril, or to do that which was equivalent, see that the purchaser had in some other way such notice as the registry should give.

The ground on which a purchaser, with notice, is precluded from taking advantage of the unrecorded deed, is that to permit him to do so, would be to permit him to avail himself of his own fraud; and it is said that if one, knowing that another has already purchased the land, will still take a conveyance, he does it with an ill conscience, commits a moral wrong, and that such an act the statute was never designed to protect. To protect him would be to let in the mischief intended to be provided against.

If it be then upon the ground of fraud, as all the authorities go to show, the proof of notice must be for the purpose of inferring therefrom the fraudulent design of defeating a prior deed, and must be such as evinces a design to avoid a deed already executed; to defeat a title already passed as between the parties; to take advantage of an omission to record, when the record would give no information of which he was not already possessed. 6 Greenl. 256 ; 16 Ves. Jr. 253 ; 5 N. Hamp. R. 188.

The authorities cited by the defendant, if they can now be considered as authorities, militate strongly against this view of the case, and go to sustain the defendant's position, and the case of *Webster* v. *Maddox*, (6 Greenl. R. 256,) is full to the point.

Harris *v.* Arnold.

But it may be said of these cases, that the current of American authorities is against them. The case in 6 Greenleaf, the strongest case cited by the defendant, has been substantially overruled by the case of *Hewes* v. *Wiswell*, (8 Greenl. 94,) in which the court say, that possession is not conclusive evidence, but is at most implied notice, and that the fact of possession must be known to the party.

In the case of *Scott* v. *Gallagher*, (14 Serg. & Rawle, 333,) it was held, that possession was no evidence of an equitable title, and that the purchaser was not bound to inquire of the person in possession, whether he had a secret agreement not recorded, and is only bound to take notice of the recorded title.

Mr. Justice Story, in reviewing the case on this subject, in *Flagg* v. *Mann*, (2 Sumner's R. 554,) a case in equity, says, that " the American court seem indisposed to give effect to the doctrine of constructive notice even in its most limited form ;" and that " they admonish courts of equity in this country, where the registration of deeds is universally provided for, not to enlarge the doctrine of constructive notice, or to follow all the English cases on the subject, except with a curious attention to their just application to the circumstances of the country and the structure of our laws."

Since that time, the case of *Rogers* v. *Jones*, (8 N. Hamp. R. 271,) has been decided, in which the court say, that possession is by no means conclusive evidence of title ; that in general, it is sufficient to put a person upon inquiry, and to charge him with constructive notice of an existing title, under which the tenant entered, if he neglect to inquire, and express a doubt whether possession is evidence at all of any title acquired after possession commenced ; that some charge of possession, calculated to attract notice, is necessary ; that it is enough that he should be exempt from the registry laws, who purchases and enters into possession, and has done some notorious act inconsistent with a tenancy, without extending it further.

Harris v. Arnold.

Clearly the possession is not evidence of notice, unless that possession was known to the purchaser, nor can it be conclusive if it be known, and therefore is not equivalent to recording. It is at most implied notice, which may be rebutted ; and since the purpose of the evidence is to prove the intent of the second purchaser to defeat a prior deed, it may be rebutted by any proof which negatives that intent.

Supposing, then, that the evidence put in by the defendant, to be such as, if uncontradicted, would become conclusive, still it was competent for the plaintiff to rebut it by showing, either that the notice of the possession was such as was consistent with a tenancy ; that it was originally confessedly tortious and without title, or under a title consistent with that evidenced by the registry, or any fact which shows the possession consistent with the title of the grantor.

The defendant also objects to the ruling of the court, permitting the plaintiff to give in evidence to the jury the record of a decree of the court of probate, setting off the premises as dower to the widow of Sylvanus Cook, without requiring it to be first proved that the defendant was in possession under said widow, or that he knew that such set-off of dower was made.

Upon this point it might be a sufficient answer to the defendant's objection to say, that the fact offered to be proved was pertinent to the issue, since it went to show that another person was tenant for life of the premises at the time the possession proved by the defendant commenced, or became so during the continuance, and that the occupation of John Arnold and of his devisee was under a title subordinate to the title of the plaintiff, the plaintiff's estate being an estate in reversion after the death of Martha Cook, the widow.

But had it not been strictly pertinent at the time it was offered, it nevertheless became material in connection with the other evidence offered by the plaintiff, that John Arnold was the agent of the said Martha, and had the general manage-

ment and control of her estate, as well real as personal, for the purpose of inferring therefrom that the occupation of the said Arnold was the occupation of the widow, and so his possession was consistent with the recorded title.

The defendant, as another reason for a new trial in this cause, objects that "the court directed the jury that such notice must be proved as would necessarily convict the plaintiff of fraud in taking his deed."

It is but a conclusion from what has been before remarked, that the second purchaser must have such knowledge of the existence of the prior deed as would give him reason to believe he was defeating the operation of a deed executed, and wanting only to be recorded, and that to purchase with such knowledge of a prior deed, would be a fraud in the second purchaser; and this was, in fact, substantially the direction given to the jury.

One other cause assigned by the defendant for a new trial is, " that notwithstanding the proof offered by the defendant of his own possession and of the possession of John Arnold, the court charged the jury that they must be presumed to be and continue in possession under the title under which they first entered into possession. Presuming that the qualification, " until the contrary appears," was undesignedly omitted in the statement, as otherwise no such direction was given by the court, we shall consider the objection as if these words were added. It will certainly not be necessary to consider this objection at much length, or to go into any reasoning upon the subject. This direction to the jury is but the enunciation of a general rule, under the head of presumptive evidence, that where a personal relation, or state of things, is once proved to exist, the law presumes that that relation or state of things continues to exist, until the contrary is shown, or until a different presumption is raised from the nature of the subject. 1 Greenl. Ev. § 41.                    Motion denied.